IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PETR KONIG,
    *Plaintiff*,

v.                                      Civil No. ELH-20-3038

MARVIN AMES, et al.,
    *Defendants*.

**MEMORANDUM**

In this tort case, plaintiff Petr Konig, a citizen of the Czech Republic, has filed suit against Marvin Ames; Carousel F&B, LLC ("Carousel"); 118 Ocean Investors, L.P. ("Ocean Investors"); and Hospitality Partners, LLC ("Hospitality"), defendants. ECF 34 (Amended Complaint). The suit is rooted in an unfortunate incident that occurred on July 29, 2017. On that date, plaintiff, a foreign summer hotel worker, entered a trash compactor at a hotel, allegedly with permission from defendant Ames and others, in order to retrieve his sandals. Unexpectedly, the trash compactor "powered on and began to crush the Plaintiff's body," causing life threatening injuries. *Id.* ¶ 34.[1]

The suit contains ten counts. Count I asserts negligence against Ames; Count II asserts negligence against Ocean Investors; Count III asserts respondeat superior liability against Ocean Investors; Count IV asserts a claim of negligent hiring, training, retention and/or supervision against Ocean Investors; Count V asserts negligence against Carousel; Count VI asserts respondeat superior liability against Carousel; Count VII asserts negligent hiring, training, retention, and/or supervision against Carousel; Count VIII asserts negligence against Hospitality; Count IX asserts

---

[1] Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). *See* ECF 34, ¶ 8.

respondeat superior liability against Hospitality; and Count X asserts negligent hiring, training, retention, and/or supervision against Hospitality.

Defendants have moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. ECF 35. The motion is supported by a memorandum of law (ECF 35-1) (collectively, the "Motion"). Plaintiff has filed an opposition (ECF 37), supported by a memorandum (ECF 37-1) (collectively, the "Opposition"). No reply has been filed and the time to do so has expired.

No hearing is needed to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Factual Summary[2]

In the summer of 2017, plaintiff was an exchange student with a work visa, working as a laundry attendant at the Carousel Hotel ("Hotel") in Ocean City, Maryland. ECF 34, ¶ 1. According to plaintiff, Ames worked at the Hotel as a security guard. *Id.* ¶ 2. Plaintiff further alleges that, at the relevant time, Ocean Investors, Carousel, and Hospitality maintained, owned, and/or managed the premises, including the trash compactors at issue. *Id.* ¶ 3. According to plaintiff, the trash compactors are located on the Hotel's premises and are "easily accessible" to employees, without proper fencing, warning, or supervision. *Id.* ¶ 24.

On July 29, 2017, Konig was changing his shoes in the laundry room of the Hotel, where lockers were provided for employees. *Id.* ¶ 10. After completing his work shift, plaintiff discovered that his sandals were missing, *id.* ¶ 11, and learned that they had been thrown away by mistake. *Id.* ¶ 12.

---

[2] At this juncture, the Court assumes the truth of the facts alleged in the Amended Complaint. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

According to the Amended Complaint, plaintiff's supervisor "advised Plaintiff that he could check the trash compactors by himself . . . ." *Id.* ¶ 13.  The supervisor authorized the plaintiff to look for his sandals in the trash compactors.  *Id.*  Further, plaintiff alleges that he also asked "the new supervisor," named "Veronika," if he could look in the trash compactors for his sandals.  *Id.* ¶ 14.  Veronika responded that she had "no problem with Plaintiff's request" and "called for a member of the maintenance or security department to escort Plaintiff to the trash compactors."  *Id.*

Ames responded to the laundry room and took plaintiff to the trash compactors.  *Id.* ¶ 16.  Significantly, plaintiff claims that he believed the trash compactors were "inoperable" and could only be "activated" by use of a "keyed button" on the compactor, and only if the door to the trash compactor was closed.  *Id.* ¶ 17.

During plaintiff's attempt to locate his sandals, Ames left plaintiff "unattended . . . ."  *Id.* ¶ 18.  While plaintiff was in one of the trash compactors, it began to operate, without notice, severely injuring plaintiff from the waist down.  *Id.* ¶ 20.

## II.     Rule 12(b)(6)

The defendants may test the legal sufficiency of the Amended Complaint by way of a motion to dismiss under Rule 12(b)(6).  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317-18 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

Of import here, in connection with a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); *see Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). But, "in the relatively rare circumstances where facts

4

sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (citation omitted).

### III.     Discussion

Defendants argue that plaintiff's "own allegations" fail to state a claim against defendants. ECF 35-1 at 3. To the contrary, argue defendants, the allegations demonstrate that plaintiff's injuries "were the result of his own contributory negligence." *Id.*

The parties assume, without discussion, that Maryland law applies here. A federal court sitting in diversity must apply the law of the forum state in which the court is located, including the forum state's choice-of-law rules, unless a compelling federal interest directs otherwise. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). The forum state is Maryland.

In tort cases, Maryland applies the doctrine of *lex loci delicti*, i.e., the law of the jurisdiction where the alleged wrong occurred. *Lewis v. Waletzky*, 422 Md. 647, 657, 31 A.3d 123, 129 (2011); *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 620, 925 A.2d 636, 648 (2007); *Kortobi v. Kass*, 182 Md. App. 424, 443, 957 A.2d 1128, 1139 (2008), *aff'd*, 410 Md. 168, 978 A.2d 247 (2009). As the underlying incident occurred in Maryland (*see* ECF 1, ¶ 1), Maryland's substantive law applies here.

In Maryland, "to assert a claim in negligence, the plaintiff must prove: '(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty.'" *100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 430 Md. 197, 212-13, 60 A.3d 1, 10 (2013) (quoting *Lloyd v. Gen'l Motors Corp.*, 397 Md. 108, 131-32, 916 A.2d 257, 270-71 (2007)) (emphasis omitted); *see Schultz v. Bank of Am., N.A.*, 413 Md. 15, 27, 990 A.2d 1078, 1086 (2010) ("In a negligence case, there are four elements that the plaintiff must prove to prevail: 'a duty owed to him [or her] (or to a class of which he [or she] is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages.'") (quoting *Jacques v. First Nat. Bank of Maryland*, 307 Md. 527, 531, 515 A.2d 756, 758 (1986)) (alterations in *Schultz*).

"[T]he duty of care owed by an owner or occupier of a premises is a function of his legal relationship to the person entering on the premises." *Garner v. Supervalu, Inc.*, 396 Fed. App'x 27, 29 (4th Cir. 2010). *See, e.g.*, *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 578, 560 A.2d 1130, 1133 (1989) (the duty of an owner or occupier of land "depends upon the status of the plaintiffs at the time of the accident"). Specifically, in Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as an invitee (*i.e.* a business invitee), a licensee by invitation (*i.e.*, a social guest), a bare licensee, or a trespasser. *Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 44, 656 A.2d 307, 312 (1995); *Wagner v. Doehring*, 315 Md. 97, 101-02, 553 A.2d 684, 686 (1989); *Rowley v. Mayor of Baltimore*, 305 Md. 456, 464-65, 505 A.2d 494, 498 (1986).

The highest duty is owed to a business invitee, defined as "'one invited or permitted to enter another's property for purposes related to the landowner's business.'" *Norris v. Ross*

*Stores, Inc.*, 159 Md. App. 323, 334, 859 A.2d 266, 273 (2004) (citations omitted); *see Lane*, 338 Md. at 44, 656 A.2d at 312; *Howard County Bd. of Educ. v. Cheyne*, 99 Md. App. 150, 155, 636 A.2d 22, 25 (1994), *cert. denied*, 335 Md. 81, 642 A.2d 192 (1994).

As to an invitee, an owner or occupier of land has a duty to exercise reasonable care to "protect the invitee from injury caused by an unreasonable risk" that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care. *Casper*, 316 Md. at 582, 560 A.2d at 1135; *see Lane*, 338 Md. at 44, 656 A.2d at 312 (stating owner owes "a duty of ordinary care to keep the property safe for the invitee"); *Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 239, 164 A.2d 273, 276 (1960); *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388, 693 A.2d 370, 374 (1997); *Pahanish v. Western Trails, Inc.*, 69 Md. App. 342, 355, 517 A.2d 1122, 1128 (1986). The duties of a business invitor include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers. *Tennant*, 115 Md. App. at 388, 693 A. 2d at 374.

In *Gillespie v. Ruby Tuesday, Inc.*, 861 F. Supp. 2d 637 (D. Md. 2012), Judge Blake of this Court explained: "The duty owed to an invitee is 'to use reasonable and ordinary care to keep [the] premises safe for the invitee and to protect [the invitee] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for [the invitee's] own safety will not discover.'" *Id.* at 641 (quoting *Deboy v. City of Crisfield*, 167 Md. App. 548, 555, 893 A.2d 1189, 1193 (2006)) (modifications in *Deboy*). *Accord Garner*, *supra*, 396 Fed. App'x at 29; *Bramble v. Thompson*, 264 Md. 518, 521, 287 A.2d 265, 267 (1972); *see also Pahanish*, 69 Md. App. at 355, 517 A.2d at 1128 ("At common law, the landowner's duty to business invitees is to use reasonable and ordinary care to keep his premises in a safe condition and to protect

7

invitees against the dangers of which the landowner is aware or which, with reasonable care, he could have discovered."). However, the business invitor is not an insurer of the invitee's safety. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232, 210 A.2d 724, 725 (1965); *Lexington Market Authority v. Zappala*, 233 Md. 444, 446, 197 A.2d 147, 148 (1964).

Defendants offer virtually no legal analysis or discussion of case law concerning negligence. At this juncture, plaintiff has clearly stated a claim of negligence against all defendants.

Moreover, he has also stated a claim of respondeat superior liability against Carousel, Ocean Investors, and Hospitality. In Maryland, under the doctrine of respondeat superior, "'an employer is ordinarily responsible for the tortious conduct of his employee committed while the servant was acting within the scope of the employment relationship.'" *Barclay v. Briscoe*, 427 Md. 270, 282, 47 A.3d 560, 567 (2012) (quoting *Embrey v. Holly*, 293 Md. 128, 134, 442 A.2d 966, 969 (1982)); *Asphalt & Concrete Services, Inc. v. Perry*, 221 Md. App. 235, 272, 108 A.3d 558, 580 (2015), *aff'd*, 447 Md. 31, 133 A.3d 1143 (2016). The doctrine embodies the principle that, "[b]ecause 'the master holds out his servant as competent and fit to be trusted . . . he in effect warrants his servant's fidelity and good conduct in all matters within the scope of his employment.'" *Oaks v. Connors*, 339 Md. 24, 30, 660 A.2d 423, 426 (1995) (citation omitted).

Defendants insist that the suit is barred by contributory negligence. "Contributory negligence is the neglect of the duty imposed upon all men to observe ordinary care for their own safety." *Campfield v. Crowther*, 252 Md. 88, 93, 249 A.2d 168, 172 (1969). It is "the doing of, or omitting to do, some act or thing which a reasonably careful person would not have done or omitted to do under the circumstances, and which . . . thereby becomes the . . . proximate cause of the injury." *Miller v. Michalek*, 13 Md. App. 16, 19, 281 A.2d 117, 118 (1971) (citation omitted).

"The focus of the contributory negligence defense . . . 'is whether the plaintiff took appropriate precautions to protect his [or her] own interests.'" *Kassama*, 368 Md. at 127, 792 A.2d at 1110 (internal citation omitted).

Notably, contributory negligence is an affirmative defense, for which the defendants have the burden of proof. *See Baltimore & O.R.R. v. Plews*, 262 Md. 442, 454, 278 A.2D 287 (1971). But, under Maryland law, if proved by the defense, contributory negligence completely bars a plaintiff's recovery. *See*, *e.g. Coleman v. Soccer Ass'n of Columbia*, 432 Md. 679, 690, 69 A.3d 1149, 1155 (2013); *Kassama v. Magat*, 136 Md. App. 637, 657 767 A.2d 348, 359 (2001), *aff'd*, 368 Md. 113, 792 A.2d 1102 (2002) (contributory negligence).

As stated previously, in connection with a Rule 12(b)(6) motion, the court ordinarily does not resolve the applicability of an affirmative defense. *See Bing*, 959 F.3d at 616; *King*, 825 F.3d at 214. Whether a plaintiff exercised the degree of care "'expected of a reasonably prudent person under the circumstance [is usually] a question of fact for the jury and not of law for the court.'" *Diffendal v. Kash and Karry Service Corp.*, 74 Md. App. 170, 175, 536 A.2d 1175, 1178 (1988) (citation and emphasis omitted). Here, the allegations do not compel the conclusion of contributory negligence as a matter of law.

Plaintiff also alleges claims against the corporate defendants for negligent hiring, training, and supervision. In Maryland, the elements of the tort of negligent selection, training, supervision or retention are the same four elements of a general negligence claim. *Jones v. State*, 425 Md. 1, 18, 38 A.3d 333, 343 (2012); *Karn v. PTS of Am., LLC*, GJH-16-3261, 2018 WL 3608772, at *3 (D. Md. July 26, 2018); *Marrick Homes LLC v. Rutkowski*, 232 Md. App. 689, 709, 161 A.3d 53, 65 (2017). In my view, prediscovery dismissal of those claims is not warranted.

## IV. Conclusion

For the reasons stated above, I shall deny the Motion.

An Order follows.

Date: April 21, 2021

/s/
Ellen L. Hollander
United States District Judge